# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-03060-01-CR-S-RED |
| | ) | |
| LARRY A. BLUNK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is defendant's First Motion in Limine (Docs. 66, 79). Defendant seeks an order excluding from evidence at trial methamphetamine seized incident to a search of defendant's business on March 9, 2004. He asserts that the chain of custody for that evidence was irreparably tainted because it was tested by a Missouri State Highway Patrol criminalist, who has admitted tampering with drug samples in the course of his duties.

Defendant is charged in Count Three of an indictment with a co-defendant with maintaining a business or residence for the purpose of using methamphetamine, and in Count Four with being a user of controlled substances in possession of firearms (Doc. 19). On March 9, 2004, a state search warrant was executed on the premises in Springfield, Missouri, known as "Safe House Pawn." The premises operated as defendant's business and residence at the time. The amount of methamphetamine which was seized was estimated to be one-half gram. The records reflect that the methamphetamine was received at the Crime Lab and tested by Matthew Barb. Mr. Barb issued a report, stating the substance contained methamphetamine and weighed 0.12 gram. Subsequently, a second laboratory analysis was performed and on July 23, 2004, a report states that the substance was positive for methamphetamine, weighing .09 gram.

The parties have stipulated to the reports and have stipulated that Mr. Barb has pled guilty to appropriating controlled substances, specifically methamphetamine, between February 11, 2004, and April 28, 2004.

The defendant acknowledges that this Court has previously ruled that the issue of an alleged breach in the chain of custody implicates the weight of the evidence, not its admissibility. *United States v. Humphrey*, Case No. 03-3088 (Doc. 57) Defendant attempts to distinguish the Humphrey case because the time frame in this case is squarely within the period of time that Barb admits tampering with evidence. Secondly, he asserts in this case there is a discrepancy as to the quantity of methamphetamine originally submitted for analysis. Finally, in *Humphrey*, the Court relied upon an admission by the defendant and, in this case, there was a blood test administered to the defendant which was negative for methamphetamine.

While it is true that the time frame in this case corresponds to Barb's misdeeds, there was a second lab test performed, which confirmed the presence of methamphetamine. The only difference in the two test results is the weight in Barb's test at 0.12 gram and the subsequent test of 0.09 gram. This small discrepancy is likely the result of a small sample being used in the retest.

Defendant's second attempt to distinguish the cases is not persuasive. He asserts that there is a discrepancy as to how much methamphetamine was actually delivered to the laboratory. This assertion is based upon the eyeball account of the agent, who originally seized the methamphetamine, stating it was one-half gram. The actual weight, as reported by Barb, was 0.12 gram, and as asserted in the second analysis, was 0.09 gram. The record is clear that the one-half gram statement was merely an estimate.

Finally, the Court notes that there will be testimony in this case, as there was in the *Humphrey* case, that there were incriminating statements made by the defendant at the time of the blood test, which was three days after the seizure. Any attempt to distinguish the two cases because of the negative blood test fails. The blood test results, if admitted, will only impact the weight of the evidence. The government's evidence will be that methamphetamine was delivered to the defendant on March 7, 2004. It was seized from the defendant on March 9, 2004. Blunk was arrested on that date and refused to provide a urine specimen. A search warrant was issued on March 10, 2004, and blood was drawn on the afternoon of March 10, which was negative for the presence of methamphetamine. The delay between the delivery of the substance and the blood test is significant.

The defendant has confessed that the substance in question was methamphetamine. There is a second independent test which is positive for the presence of methamphetamine. A chemist is available to testify as to the accuracy of the findings. These factors viewed in totality provide a significant basis to admit the evidence and allow the jury to determine what weight to give it. Accordingly, it is hereby

RECOMMENDED that defendant's First Motion in Limine be denied.

                                                      /s/ James C. England
                                                      JAMES C. ENGLAND, Chief
                                                      United States Magistrate Judge

Date: January 13, 2006